# In the United States District Court
## For the Southern District of Georgia
## Brunswick Division

| | | |
|---|---|---|
| THERESA LYNN PRESCOTT, | * | |
| | * | |
| Plaintiff, | * | CIVIL ACTION NO.: 2:20-cv-134 |
| | * | |
| v. | * | |
| | * | |
| KILOLO KIJAKAZI, Acting Commissioner | * | |
| of Social Security, | * | |
| | * | |
| Defendant. | * | |

## O R D E R

Before the Court are Plaintiff's Objections to the Magistrate Judge's Report and Recommendation dated August 16, 2022. Dkt. No. 18. In the Report, the Magistrate Judge recommended the Court affirm the Commissioner of Social Security's decision denying Plaintiff's claim for benefits. Dkt. No. 17 at 1.

In her Objections, Plaintiff addresses only one of the four enumerations of error she initially raised. Specifically, Plaintiff challenges the Magistrate Judge's determination the Administrative Law Judge ("ALJ") did not err in allowing the hearing to proceed, even though Plaintiff's attorney died one day before the hearing. Dkt. No. 18 at 1. Plaintiff argues the ALJ owed her a special duty and, as a result, the ALJ should

have informed her about the potential complexities of the

hearing, including explaining the role of a vocational expert

("VE") and supposed ALJ denial rates for unrepresented

claimants. Id. Plaintiff argues because the ALJ did not

provide a more detailed warning about the potential complexities

of the hearing, she did not knowingly and voluntarily waive her

right to representation. Id. at 3.

Plaintiff's Objections are without merit. The ALJ was not

required to explain the purpose of a VE or warn Plaintiff about

supposed denial rates. See Dkt. No. 18 at 2, 3. A knowing and

voluntary waiver is one that appraises Plaintiff of her options

concerning representation. Smith v. Schweiker, 677 F.2d 826,

828 (11th Cir. 1982). The notice must inform the plaintiff of

three things: (1) plaintiff has a right to counsel; (2) there is

a possibility of free counsel; and (3) there is a limitation on

attorney fees to 25% of any eventual award. Id. at 829.

As the Magistrate Judge explained in his Report, Plaintiff

received that notice and, thus, was afforded a full and fair

hearing. Dkt. No. 17 at 8. Plaintiff knowingly and voluntarily

waived her right to representation; the ALJ did not owe

Plaintiff a special duty to develop a record. Brown v. Shalala,

44 F.3d 931, 934 (11th Cir. 1995). Additionally, as the

Magistrate Judge explained, Plaintiff failed to point to any

prejudice arising from the alleged error. Dkt. No. 17 at 10-11.

AO 72A
(Rev. 8/82)

Plaintiff's similarly fails to identify any prejudice in her Objections.

After an independent and de novo review of the entire record, the Court **CONCURS** with the Magistrate Judge's Report and Recommendation, **ADOPTS** the Report and Recommendation as the opinion of the Court, and **OVERRULES** Plaintiff's Objections.  The Court **AFFIRMS** the ALJ's decision and **DIRECTS** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal.

**SO ORDERED**, this __12__ day of __September__, 2022.

_____

HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

3

AO 72A
(Rev. 8/82)